ORIGINAL

IMANAKA ASATO, LLLC

STEVEN K. S. CHUNG       1751
JEANINE O. CORNWELL      9941
745 Fort Street Mall, 17th Floor
Honolulu, Hawaii 96813
Telephone No. (808) 521-9500
Facsimile No. (808) 541-9050

Attorneys for Plaintiff,
Mary Jane Connell

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 14 2015

at __7__ o'clock and __20__ min __0__ M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

MARY JANE CONNELL,

                    Plaintiff,

        vs.

STANDARD INSURANCE COMPANY,

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 15 00177 HG BMK
(ERISA)

**COMPLAINT FOR
RECOVERY OF EMPLOYEE
BENEFITS; EQUITABLE
RELIEF;** ~~SUMMONS~~

## COMPLAINT

COMES NOW Plaintiff Mary Jane Connell ("Plaintiff"), by and
through its undersigned counsel, and complaining of the defendant above-
named, alleges and avers as follows:

1.      Plaintiff Mary Jane Connell ("Plaintiff") is and at all times
relevant herein was, an individual residing in the State of Hawaii.

2.      Standard Insurance Company ("The Standard") was and is a

business entity that sells, issues, and administers disability insurance and life insurance, including the policies at issue, which were sold to Plaintiff's employer in this District.

3.     This Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"), over which this Court possesses original jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1131.

4.     Venue is proper in this District because The Standard administers the plan in this District, and because it breached its fiduciary duties to Plaintiff in this District.  29 U.S.C. § 1132(e)(2).

5.     At all relevant times, Plaintiff was a partner at the law firm Carlsmith Ball, LLP ("Carlsmith Ball") and as such was enrolled in Carlsmith Ball's employee benefit plan for partners, counsel attorneys, and regular employees ("the Plan").  The Plan provides Carlsmith Ball partners with Long-Term Disability insurance, and at all relevant times the Plan was insured by Group Policy No. 141714-A, issued by The Standard to Carlsmith Ball ("the LTD Policy").

6.     The Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA").

7.     The Standard was and remains the de facto Plan administrator and claims fiduciary of the Plan.  As the payor of benefits and the claims administrator of the Plan, The Standard operates under a structural conflict of interest, as defined *by Abatie v. Alta Health and Life Ins. Co.*, 458 F.3d 466 (9th Cir. 2006) (en banc) and *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

2

8.     Under the Plan, LTD Policy, and applicable law, The Standard promised, in relevant part, to pay monthly disability benefits to Plaintiff in the event that she became disabled.

9.     The LTD Policy definition of "Disability" or "Disabled," as applicable to Plaintiff, is as follows: "You are Disabled . . . if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to perform with reasonable continuity the Material Duties of your Own Occupation." The LTD Policy further provides that "if your Own Occupation is attorney at law and you have practiced law for at least 5 years . . . we will consider your Own Occupation to be the one legal subject matter area or type of practice in which you specialize . . . ."

10.    Under the Plan, Plaintiff was eligible for a Life Insurance Policy Waiver of Premium benefit ("Waiver of Premium"), by which The Standard promised to "waive payment of premium for your insurance" when Plaintiff is disabled.

11.    At all material times herein, Plaintiff complied with all the material provisions pertaining to the Plan including the LTD Policy and the Life Insurance Policy, or compliance was waived by The Standard, or both.

12.    Around May 14, 2013, while the Plan was in full force and effect, Plaintiff became disabled, and thus entitled to LTD and Waiver of Premium benefits under the terms of the Plan, LTD Policy, and the Life Insurance Policy, due to severe osteoarthritis in both of her knees.

13.    After undergoing a total knee replacement procedure on her left knee on May 14, 2013, Plaintiff attempted to return to work on a part-time basis on August 5, 2013, but she was unable to regain sufficient functionality to perform the material duties of her occupation, and she

terminated all part-time work.

14.    Plaintiff timely submitted a claim for disability benefits.  But despite the fact that Plaintiff has met and continues to meet the Plan, LTD Policy, and Life Insurance Policy definitions of Disability, by letter dated March 3, 2014, The Standard wrongfully denied Plaintiff's benefits.

15.    Following The Standard's denial of benefits, on August 27, 2014, Plaintiff timely appealed The Standard's decision, and provided The Standard with additional and overwhelming evidence in support of her claim for continued benefits.

16.    Despite the additional and overwhelming evidence Plaintiff submitted further establishing her disability, on or about December 22, 2014, The Standard affirmed its prior denial of her LTD and Waiver of Premium benefits, thus exhausting all pre-suit remedies available to Plaintiff.  In affirming its prior termination of benefits, The Standard abused its discretion by ignoring the Plan definition of disability and unlawfully ignoring the medical evidence in support of Plaintiff's claim, in direct conflict with the Plan, LTD Policy, and Life Insurance Policy language.

17.    The Standard's actions are an abuse of discretion, contrary to the terms of the Plan, and have no reliable evidentiary support.  The Standard's actions are also contrary to the reports and assessments of the doctors who have evaluated and treated Plaintiff.  The Standard's determination was based on evidence that is neither reliable nor substantial, and its determination denied Plaintiff due process of law.  In adjudicating Plaintiff's claims, The Standard's actions fell well below the "higher-than-marketplace quality standards" imposed by ERISA according to *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2350 (2008).

18. As a direct and proximate result of the aforementioned acts of The Standard, Plaintiff suffered damages as outlined below.

19. As the result of the actions of The Standard, Plaintiff has been improperly denied LTD benefits and Waiver of Premium benefits due since August 12, 2013, together with interest thereon and has suffered further and severe economic hardship and emotional distress.

20. As a further result of the actions of The Standard, and each of them, Plaintiff has been required to engage the services of legal counsel for the purpose of obtaining her insurance benefits.

## FIRST CAUSE OF ACTION

### Recovery Of Employee Benefits: LTD Benefits
### (Against THE STANDARD; 29 U.S.C. § 1132(a)(1)(B))

21. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. At all relevant times, Plaintiff was insured under the LTD Policy and The Standard was responsible for the administration and handling of Plaintiff's benefits.

23. At all material times herein, Plaintiff has complied with all the material provisions pertaining to the Plan and the LTD Policy, and/or compliance has been waived or The Standard is estopped from asserting non-compliance.

24. While the Plan and the LTD Policy were in full force and effect, Plaintiff became and remains disabled and entitled to receive LTD benefits under the Plan and LTD Policy.

25. The Standard, however, denied Plaintiff's claim for benefits and has refused and continues to refuse to provide Plaintiff her monthly disability payments. Plaintiff appealed The Standard's denial of benefits—

which was denied by The Standard on December 22, 2014—and thus exhausted her administrative remedies.

26.     The Standard's refusal to pay Plaintiff benefits violates the terms of the Plan and the LTD Policy, and The Standard's actions in administering Plaintiff's claim and in denying benefits were wrongful, arbitrary and capricious.  At all material times herein, The Standard failed and refused to honor the Plan and the LTD Policy.  The Standard is therefore liable for all benefits due under the Plan and LTD policy, which have been improperly terminated.  Plaintiff's disability has rendered her unable to work in any capacity whatsoever for the duration of the maximum benefit period under the LTD Policy.

27.     As a proximate result of The Standard's actions, Plaintiff has been deprived of her disability benefits to which she was and is entitled and has suffered damages as set forth above in paragraphs 19-20.

## SECOND CAUSE OF ACTION

**Recovery Of Employee Benefits: Waiver of Premium Benefits
(Against THE STANDARD; 29 U.S.C. § 1132(a)(1)(B))**

28.     Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29.     At all relevant times, Plaintiff was insured under the Group Life Insurance Policy and The Standard was responsible for the administration and handling of Plaintiff's Waiver of Premium benefits.

30.     At all material times herein, Plaintiff has complied with all the material provisions pertaining to the Plan and Life Insurance Policy, or compliance has been waived or The Standard is estopped from asserting non-compliance, or both.

31.     While the Plan and Life Insurance Policy were in full force and

6

effect, Plaintiff became, and remains, disabled and entitled to Waiver of Premium benefits under the Plan and Life Insurance Policy.

32.  Contrary to the evidence and argument presented to it by Plaintiff, The Standard terminated Plaintiff's claim for Waiver of Premium benefits, and has refused and continues to refuse to reinstate such claim for Waiver of Premium benefits. Plaintiff appealed The Standard's termination of benefits—which was denied by The Standard on December 22, 2014— and thus exhausted her administrative remedies.

33.  The Standard's termination of Plaintiff's Waiver of Premium benefits violates the terms of the Plan and Life Insurance Policy, and The Standard's actions in administering Plaintiff's Waiver of Premium claim and in terminating Waiver of Premium benefits was wrongful, arbitrary and capricious. At all material times herein, The Standard failed and refused to honor the Plan and Life Insurance Policy. The Standard is therefore liable for all Waiver of Premium benefits due under the Plan and Life Insurance Policy, which have been improperly terminated. Plaintiff's disability has rendered her unable to work in any capacity whatsoever for the duration of the maximum benefit period under the Life Insurance Policy.

34.  As a proximate result of The Standard's actions, Plaintiff has been deprived of her Waiver of Premium benefits to which she was and is entitled and has suffered damages as set forth above in paragraphs 19-20. Plaintiff further seeks a declaration as to her entitlement to benefits, to wit: an injunction prohibiting The Standard from terminating her Waiver of Premium benefits until the end of the maximum benefit period and refund of her premiums paid since August 12, 2013, or such other declaration the Court deems proper.

## THIRD CAUSE OF ACTION

### Equitable Relief
### (Against THE STANDARD; 29 U.S.C. §1132(a)(3))

35.     Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36.     At all material times herein, The Standard was a fiduciary with respect to its exercise of authority over the management of the policies, disposition of Plan assets, and administration of the policies.

37.     Plaintiff asserts against The Standard a breach of fiduciary duty claim as an individual Plan participant.

38.     Plaintiff asserts that a claim for benefits due under the Plan does not provide her with an adequate remedy at law in light of The Standard's continuing course of conduct in violating the terms of the policies and applicable law as described below.

39.     The Standard was obliged to discharge its duties solely in the interests of beneficiaries and participants for the exclusive purpose of providing beneficiaries and participants with all benefits due, defraying reasonable expenses of the Plan, using all prudent skill and diligence in accordance with the documents and instruments governing the Plan.

40.     At all material times herein, The Standard violated these duties by, *inter alia,* the following:

      A.     Consciously, unreasonably and intentionally and without justification denying full payment due for Plaintiff's claim for disability benefits, despite knowledge that Plaintiff qualifies for such benefits under the terms and conditions of the Plan and policies;

      B.     Consciously and unreasonably delaying the decision

concerning Plaintiff's claim, and related claims or
similar claims, for disability benefits;

C.    Consciously and unreasonably failing to investigate all
bases upon which to pay and honor Plaintiff's claim for
benefits and consciously and unreasonably failing to
investigate all bases to support coverage, fairly and in
good faith, and refusing to give Plaintiff's interests or the
interests of the Plan at least as much consideration as it
gave to itself;

D.    Consciously and unreasonably asserting improper bases
for denying full payment of Plaintiff's claim, and related
claims or similar claims, for disability benefits;

E.    Consciously and unreasonably delaying, refusing, and
continuing to refuse to pay Plaintiff for benefits properly
payable under the Plan and policies, and to deprive
Plaintiff of the full amount of rightful benefits with the
knowledge that said delays and denials were and are
wrongful and contrary to their obligations under the Plan
and policies, and the law;

F.    Consciously and unreasonably failing to adopt and
implement reasonable or proper standards applicable to
the prompt and fair investigation, processing and
adjudication of Plaintiff's claim under the Plan and
policies;

G.    Consciously and unreasonably interpreting Plan, LTD
Policy, and Life Insurance Policy language in a manner

9

Case 1:15-cv-00177-SOM-BMK   Document 1   Filed 05/14/15   Page 10 of 11   PageID #: 10

designed to deny and minimize benefits and in a manner that thwarts the reasonable expectations of the Plan's beneficiaries and participants in order to maximize its own profits and minimize the benefits it pays claimants;

H.   Consciously and unreasonably refusing to pay Plaintiff's claim, and related claims or similar claims, with the knowledge that Plaintiff's claim is payable and with the intent of boosting profits at Plaintiff's expense;

I.   Consciously and unreasonably failing to follow the terms of the Plan and policies and applicable regulations governing the administration of claims, the review of denied claims, and required production of relevant documents; and

J.   Consciously and unreasonably engaging in a selective review of the evidence presented in an effort to minimize the evidence supporting the continuation of benefits while focusing exclusively on evidence supporting the termination of benefits.

41.   Plaintiff seeks appropriate equitable relief from The Standard including an order by this Court that the full amount of benefits due be paid with interest on all retroactive payments due and owing, disgorgement of profits, make-whole relief, that The Standard be enjoined from terminating benefits for the duration of the applicable maximum benefit period under the Plan or policies, and that Plaintiff be placed in the position she would have been in had she been paid the full amount of benefits to which she is entitled, including, without limitation, interest, attorneys fees and other

losses resulting from The Standard's breach.

WHEREFORE, Plaintiff prays as follows:

1.      For a determination that Plaintiff is entitled to receive LTD benefits under the LTD Policy and an injunction mandating the payment of benefits to Plaintiff for the maximum benefit period under the Policy;

2.      For a determination that Plaintiff is entitled to receive Waiver of Premium benefits under the Life Insurance Policy and an injunction mandating these benefits to Plaintiff for the maximum benefit period under the Plan and policies and refund of her premiums paid since August 12, 2013;

3.      For damages according to proof;

4.      For general damages according to proof;

5.      For attorneys' fees and costs of suit incurred herein pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g);

6.      For prejudgment interest on all LTD benefits that have accrued prior to the judgment;

7.      For equitable and injunctive relief as set forth above, including disgorgement of profits and appropriate make-whole relief;

8.      For such other and further relief as the Court may find appropriate.

DATED: Honolulu, Hawaii, May 14, 2015.

STEVEN K. S. CHUNG
JEANINE O. CORNWELL
Attorneys for Plaintiff
MARY JANE CONNELL

4830-2935-3764, v. 1